UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER WINSLOW BARR, | CASE NO. C19-682RSM |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| JOSEPH STANLEY PIGOTT, | |
| Respondent. | |

On May 7, 2019, Respondent filed a notice of removal in this court, attaching a Petition for Divorce (Dissolution) that was filed in 2017 in the Washington State Superior Court for King County. Dkt. #1. Respondent's notice of removal indicates that Respondent demands

> to have this CLASS ACTION CASE removed to the FEDERAL COURT, on the grounds of TREASON, THE MOORISH AMERICAN TREATY OF PEACE & FRIENDSHIP OF 1787 & THE UNITED STATES CONSTITUTION OF 1789, JUDICIAL MISCONDUCT, HUMAN TRAFFICKING, RACKETEERING INFLUENCED & CORRUPT ORGANIZATIONS (R.I.C.O.), MONEY LAUNDERING, ANTI TUST [sic], MONOPOLY, CIVIL RIGHTS, CONSUMER PROTECTION ACT, BANK FRAUD, HOME OWNERS BEING DEFRAUDED-(BY BANKS), FALSE IMPRISONMENT, FRAUDULENT STATE JUDGES, OBSTRUCTION OF JUSTICE, ETHICS IN GOVERNMENT ACT & PRIVATE U.S. ATTORNEY GENERAL ACT ET AL..
>
> That this case is worth over Five & Million Dollars and there are too many people to give notices to, by JOINDER and will need to send notice to all PEOPLE OF THE CLASS ACTION.

ORDER – 1

Dkt. #1 at 1–2.[1] Respondent has subsequently made two filings that he indicates supplement his notice of removal. Dkts. #10 and #11. The filings include a variety of legal documents from the state-court divorce proceeding and several other possibly related state court actions. *Id.* The Court is unable to discern the intended purpose of these filings.

As federal courts are courts of limited jurisdiction, the party asserting federal jurisdiction bears the burden of establishing that the case is properly before in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The precise basis upon which Respondent asserts that this state court divorce action may be removed to this Court is unclear.[2] Respondent indicates on the Court's Civil Cover Sheet that

---

[1] Nothing within the Petition for Divorce gives any indication that it is properly considered a class action.

[2] Domestic relations law, such as divorce, are generally not matters for federal court:

> Federal judges have used various doctrinal mechanisms to refrain from intruding into the uncharted waters of state domestic relations law. As the Court explained in *Ankenbrandt v. Richards*, courts have often avoided such an intrusion by invoking the "domestic relations exception" to federal jurisdiction under the diversity statute. 504 U.S. 689, 693, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). Other courts have extended the exception to federal question jurisdiction. *See, e.g., Jones v. Brennan*, 465 F.3d 304, 306–08 (7th Cir. 2006). And others have invoked abstention doctrines to avoid state-law domestic relations issues. *See, e.g., Moore v. Sims*, 442 U.S. 415, 423–35, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) ("This case, while raising constitutional issues, is at its core a child custody dispute."); *Peterson v. Babbitt*,

ORDER – 2

he asserts diversity jurisdiction and that he is a citizen of a foreign nation. Dkt. #1-2. However, the Petition for Divorce indicates that both Petitioner and Respondent are citizens of King County, Washington. Dkt. #1-1 at 1. Likewise, Respondent indicates that Petitioner is a citizen of King County, Washington, and, despite indicating that he is a citizen of a foreign nation, gives an address within King County, Washington for himself. Dkt. #1. Further, 28 U.S.C. § 1446 provides that removal of a case based on diversity must occur within one year of the action being commenced. 28 U.S.C. § 1446(c)(1). Here, the Petition for Divorce that Respondent attaches was signed on August 18, 2017 and clearly filed in 2017, indicating that removal was clearly not timely.

Respondent's notice of removal appears to possibly premise removal on the basis of federal claims. Dkt. #1. But "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936)). Respondent does nothing to allege that any federal question is raised on the face of the Petition for Divorce and does nothing to show that the state court action "originally could have been filed in federal court." *Id.* Further still, Respondent is unable to show that removal on the basis of federal question jurisdiction is timely. 28 U.S.C. § 1446(b)(1) ("[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

---

708 F.2d 465, 466 (9th Cir. 1983) ("There is no subject matter jurisdiction over these types of domestic disputes.").

*Latta v. Otter*, 779 F.3d 902, 912–13 (9th Cir. 2015) (footnotes omitted).

ORDER – 3

Accordingly, the Court ORDERS that Respondent, **no later than fourteen (14) days from the date of this Order**, shall SHOW CAUSE (1) why the Court has subject matter jurisdiction over this matter, (2) why removal was properly accomplished in accordance with the applicable federal statutes, and (3) why this action should not be remanded for a lack of jurisdiction. **Respondent's response shall not exceed five double-spaced pages.** Failure to respond to this Order may result in remand of this case.

Dated this 29 day of May, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE