Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEATHER WINSLOW BARR<br><br>    Petitioner/Plaintiff,<br><br>vs.<br><br>JOSEPH STANLEY PIGOTT<br><br>    Respondent/Defendant. | Case No. 19-cv-00682-RSM<br><br>PETITIONER'S RESPONSE TO SHOW CAUSE ORDER IN SUPPORT OF REMAND AND MOTION TO REMAND/RETURN THIS MATTER TO KING COUNTY SUPERIOR COURT<br><br>**NOTED FOR JUNE 12, 2019**<br>**Without oral argument** |

## I. RELIEF REQUESTED

Petitioner brings a Motion to remove/return this matter to King County Superior Court and impose terms.

## II. STATEMENT OF FACTS

1. Heather Barr filed a dissolution action against her then husband Joseph Stanley Pigott on August 18, 2017. The Summons and Com plaint was served on Joseph Stanley Pigott on August 25, 2017. The trial on that dissolution was held on October 2, 2018, before the Honorable Judge Barbara Linde in King County Superior Court. See Declaration of David P. Tracy, Court Docket, item 1,5 and 25, attached as Exhibit A.

PETITIONER'S RESPONSE TO SHOW CAUSE ORDER IN SUPPORT OF REMAND AND MOTION TO REMAND/RETURN THIS MATTER TO KING COUNTY SUPERIOR COURT
– Page **1** of **7**

**DC Law Group NW**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494-0400 Fax: (855) 494-0400

2. At that trial Plaintiff did raise the issue that the court did not have jurisdiction over him due to the "Moorish American Treaty of Peace and Friendship Of 1787" and the U.S. Constitution Article. See Declaration of David P. Tracy, copy of Respondent's Motion for Temporary Restraining Order, Statement of Facts, page 2, which is attached as Exhibit B. In The Divorce Decree, Judge Linde clearly denied those issues. See Declaration of David P. Tracy, copy of the Dissolution Decree, p. 10, paragraph 9 and 10, attached as Exhibit C. That Divorce Decree entered on October 2, 2018 was not appealed. See Declaration of David P. Tracy, Court Docket, item 25-21, attached as Exhibit A.

3. Judge Linde decreed that the real property located at 604 S. 162nd St., Burien, WA 98148 was to be awarded to Heather Barr. In addition the Divorce Order provided:

"Respondent JOSEPH S. PIGOTT shall peacefully vacate the property at 604 S. 162nd St., Burien, WA 98148 (hereto referred to as Petitioner's Real Property) by Dec. 2nd, 2018 and leave it and its contents (furniture, appliances) in the same undamaged condition it was it in June 2017."
See Declaration of David P. Tracy, copy of the Dissolution Decree, p. 10, paragraph 9 and 10, attached as Exhibit C.

4. Heather Barr contacted counsel to assist her in obtaining possession of said real property as the defendant had not vacated the property when required by the Divorce Decree.

5. A Motion to Enforce requesting a Writ of Assistance or Restitution was filed on March 22, 2019. Said Motion was served on Joseph Stanley Pigott on March 25, 2019. The hearing date was set on April 11, 2019, and continued to April 25, 2019.

PETITIONER'S RESPONSE TO SHOW CAUSE ORDER IN SUPPORT OF REMAND AND MOTION TO REMAND/RETURN THIS MATTER TO KING COUNTY SUPERIOR COURT
– Page **2** of **7**

**DC Law Group NW**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494-0400 Fax: (855) 494-0400

6. Joseph Stanley Pigott filed a complaint in this matter and attempted to obtain a Temporary Restraining Order on April 15, 2019. That Motion was denied and terms were imposed. See Declaration of David P. Tracy, copy of the Order is attached as Exhibit D.

7. Joseph Stanley Pigott filed a Notice of Removal with the U.S. District Court, Western Division on May 7, 2019. See Declaration of David P. Tracy, Civil Docket for this matter, attached as Exhibit E. No Notice has been filed with the State Court. See Declaration of David P. Tracy, Court Docket, attached as Exhibit A. The first notice received by the attorney for Heather Barr was May 28, 2019, by email from Joseph Stanley Pigott.

### III. STATEMENT OF THE ISSUES

1. Was the Notice of Removal timely filed?

2. Does Res Judicata and Colleral Estoppel prevent this case from further adjudicated?

2. Should the Removal Action be denied and the matter returned to King County Superior Court?

### IV. EVIDENCE RELIED UPON

The motion is based on: the (1) Declaration of David P. Tracy and (2)Federal Court Docket and file

### V. AUTHORITIES AND ARGUMENTS

1. <u>Notice of Removal was not timely and should be dismissed</u>.

PETITIONER'S RESPONSE TO SHOW CAUSE ORDER IN SUPPORT OF REMAND AND MOTION TO REMAND/RETURN THIS MATTER TO KING COUNTY SUPERIOR COURT – Page **3** of **7**

**DC Law Group NW**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494-0400 Fax: (855) 494-0400

28 U.S.C. Section 1446 (b)(1) states:

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise a copy of the initial pleading settling forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

In the current matter, the Dissolution action started on August 18, 2017 and was served on Joseph Stanley Pigott on August 25, 2017. The Notice of Removal was filed on May 7, 2019. Much more than 30 days have passed. In fact, years have passed.

The Motion to Enforce in the Dissolution matter was filed on March 22, 2019 and served on Joseph Stanley Pigott on March 25, 2019. The Notice of Removal was filed on May 7, 2019. That is 46 days after being served. More than 30 days have passed.

There is a presumption against removal. Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1999). Removal statutes are strictly construed. Meritcare, Inc. v. St. Paul Mercury Ins. Co, 166 F.3d 214, 217-128 (3d Cir. 1999). Any uncertainties are to be resolved in favor of remand. Franchise Tax BHd. V. Construction Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983). The defendant asking for removal bears the burden of proof of establishing federal court jurisdiction. Gaitor v. Peninsular and Occidental S.S. Co., 287 F. 2d (5th Cir. 1961). Defendant also has the burden to show compliance with removal procedures. 16 Moore's Federal Practice, Section 107.11(3), 107.14(2)(g)(ii),(3rd ed. 2003) (Moore).

PETITIONER'S RESPONSE TO SHOW CAUSE ORDER IN SUPPORT OF REMAND AND MOTION TO REMAND/RETURN THIS MATTER TO KING COUNTY SUPERIOR COURT
– Page **4** of **7**

**DC Law Group NW**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494-0400 Fax: (855) 494-0400

2. Res Judicata and Collateral Estoppel:

At the trial, Plaintiff raised the issue of the "Moorish American Treaty of Peace and Friendship Of 1787 and the U.S. Constitution Article VI, and that Judge Linde did not have authority under that Treaty to make this decision. Defendant certainly could have raised any other issue he felt appropriate. That Decree was not appealed. Plaintiff is prevented from challenging that decree and the issues that were raised by him in a Removal Action in the Federal Courts as the issues raised in this action were raised in the Dissolution action, denied and not appealed.

Res Judicata applies. Res Judicata is "A matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment. Rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. Black's Law Dictionary, Fifth Edition.

When res judicata is used to mean claim preclusion, it encompasses the idea that when the parties to two successive proceedings are the same, and the prior proceeding culminated in a final judgment, a matter may not be relitigated, or even litigated for the first time, if it could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding. As already noted, the Supreme Court has said that "res judicata acts to prevent relegation of claims there were or should have been decided among the parties in an earlier proceeding. Norris v. Norris, 95 Wash 2d 124, 130, 622 P.2d 816 (1980). The court has also said, on numerous occasions, that res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which

PETITIONER'S RESPONSE TO SHOW CAUSE ORDER IN SUPPORT OF REMAND AND MOTION TO REMAND/RETURN THIS MATTER TO KING COUNTY SUPERIOR COURT
– Page **5** of **7**

**DC Law Group NW**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494-0400 Fax: (855) 494-0400

properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at that time. Kelly-Hansen v. Kelly-Hansen, 87 Wn. App. 320, 941 P.2d 1108 (1997).

Further, Plaintiff is collaterally estopped from attempting to relitigate those issues.

Collateral estoppel is a "Prior judgment between same parties on different cause of action is an estoppel as to those matters in issue or points controverted, on determination of which finding or verdict was rendered. When an issue of ultimate fact has been determined by a valid judgment, that issue cannot be again litigated between the same parties in future litigation. Black's Law Dictionary, Fifth Edition.

Plaintiff is collaterally attacking the Divorce Decree.

Collateral attack is "With respect to a judicial proceeding, an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it. Black's Law Dictionary, Fifth Edition.

## VI. CONCLUSION

Respondent did not timely attempt to remove this matter from State Court. Further, he allowed the State court to make a final adjudication and did not appeal from that decision. Res Judicata applies and the defendant cannot collaterally attack that decision at this time.

PETITIONER'S RESPONSE TO SHOW CAUSE ORDER IN SUPPORT OF REMAND AND MOTION TO REMAND/RETURN THIS MATTER TO KING COUNTY SUPERIOR COURT – Page **6** of **7**

**DC Law Group NW**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494-0400 Fax: (855) 494-0400

VII. PROPOSED ORDER

Proposed Order is attached hereto as Exhibit "A"

DATED: June 5, 2019

                                      DC Law Group NW

                                      *s/ Matthew Cunanan*
                                      Matthew Cunanan, WSBA # 42530
                                      David Tracy, WSBA #8692
                                      matthew@dclglawyers.com
                                      Of Attorneys for Petitioner

PETITIONER'S RESPONSE TO SHOW CAUSE ORDER IN SUPPORT OF REMAND AND MOTION TO REMAND/RETURN THIS MATTER TO KING COUNTY SUPERIOR COURT
– Page **7** of **7**

**DC Law Group NW**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494-0400 Fax: (855) 494-0400