UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER WINSLOW BARR, | CASE NO. C19-682RSM |
| Petitioner, | ORDER |
| v. | |
| JOSEPH STANLEY PIGOTT, | |
| Respondent. | |

This matter is currently before the Court on the Court's own Order to Show Cause (Dkt. #15) and Petitioner's response and motion for remand ("Motion for Remand") (Dkt. #17). Respondent has not substantively responded. For the reasons specified below, the Court finds that this matter should be remanded to the Superior Court of Washington in and for King County.

On May 7, 2019, Respondent filed a notice of removal in this court, attaching a Petition for Divorce (Dissolution) that was filed in 2017 in King County Superior Court. Dkt. #1. Respondent's notice of removal indicated that he demanded

> to have this CLASS ACTION CASE removed to the FEDERAL COURT, on the grounds of TREASON, THE MOORISH AMERICAN TREATY OF PEACE & FRIENDSHIP OF 1787 & THE UNITED STATES CONSTITUTION OF 1789, JUDICIAL MISCONDUCT, HUMAN TRAFFICKING, RACKETEERING INFLUENCED & CORRUPT ORGANIZATIONS (R.I.C.O.), MONEY LAUNDERING, ANTI TUST [sic], MONOPOLY, CIVIL RIGHTS,

ORDER – 1

> CONSUMER PROTECTION ACT, BANK FRAUD, HOME OWNERS BEING DEFRAUDED-(BY BANKS), FALSE IMPRISONMENT, FRAUDULENT STATE JUDGES, OBSTRUCTION OF JUSTICE, ETHICS IN GOVERNMENT ACT & PRIVATE U.S. ATTORNEY GENERAL ACT ET AL..
>
> That this case is worth over Five & Million Dollars and there are too many people to give notices to, by JOINDER and will need to send notice to all PEOPLE OF THE CLASS ACTION.

Dkt. #1 at 1–2. Respondent subsequently made two "supplemental" filings in support of his notice of removal. Dkts. #10 and #11. The filings include a variety of legal documents from the state-court divorce proceeding and several other possibly related state court actions. *Id.* Beyond that, the Court is unable to discern the intended purpose of the filings.

Finding that Respondent had not clearly identified a basis supporting this Court's subject matter jurisdiction, the Court ordered Respondent to show cause, by June 12, 2019, why the action should not be remanded. Dkt. #15. On June 5, 2019, Petitioner responded to the Court's Order to Show Cause and included her own Motion for Remand. Dkt. #17. Petitioner noted the Motion for Remand for consideration on June 12, 2019. *Id.* The Court, however, re-noted Petitioner's Motion for Remand for June 28, 2019, to assure that Respondent was afforded a full opportunity to respond. Dkt. #20. Respondent did not respond to the Court's Order to Show Cause.[1] Respondent also did not timely respond to Petitioner's Motion for Remand.[2]

---

[1] On June 9 and 10, Respondent filed two copies—one with a proposed order—of a document purportedly signed by "Robin L. Crawford" seeking "Joinder to This Case." Dkts. #22 and #23. The Court struck the filing for various procedural deficiencies. Dkt. #24. The Court further noted that "the filing makes no effort to satisfy the requirements for intervention or explain why an apparent Texas state court eviction action between Ms. Crawford, an apparently unrelated party, and an unrelated business entity has any factual or legal relationship to this case." *Id.*

[2] On June 28, 2019, Respondent filed a "DECLARATION FOR DEFENDANT King Abdul Mumin El's ARMISTICE & ORDER FOR THE UNITED STATES OF AMERICA PRESIDENT DONALD JOHN TRUMP & DEMAND TO RELEASE ALL MOORISHISH AMERICAN POW'S TO KING ABDUL MUMIN EL FOR TREASON TO ENSLAVE MOORS AND KILL THEM FOR SPORT BY CONGRESS & REPARATIONS TO THE MOORS OF THE REPUBLIC & CERTIFICATION FOR CLASS ACTION." Dkt. #25.

The Court treats Respondent's failure to respond to the Motion for Remand as an admission that Petitioner's motion has merit. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").[3] For this, and the reasons articulated in the Motion for Remand, the Court will grant the Motion for Remand.

Petitioner also requests that this Court "impose terms." Dkt. #17 at 1. The Court will also grant this request. In an order remanding a case, this Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005). In exercising its discretion to award fees under § 1447(c), this Court must consider "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *See id.*

In view of the considerations highlighted in *Martin,* the Court finds an award of costs against Respondent for Petitioner's expenses in removing this action to be a necessary or just result under § 1447(c). Respondent removed this case without any comprehensible basis in law

---

Pursuant to Local Civil Rule 7(d)(3), "[a]ny opposition papers shall be filed and served not later than the Monday before the noting date." LCR 7(d)(3). After the Court renoted Petitioner's Motion for Remand for June 28, 2019, Respondent was required to respond no later than June 24, 2019. Even if the Court considered the untimely filing, the Court cannot comprehend a cogent legal argument for why this Court has subject matter jurisdiction.

[3] The Court further notes that it could treat Respondent's failure to respond to the Court's Order to Show Cause as a failure to prosecute the action, justifying involuntary dismissal in the ordinary course. FED. R. CIV. P. 41(b).

ORDER – 3

and has not substantively defended the decision to do so.  The Court cannot guess at Respondent's intent but considering the facts and the absence of any defense, the removal appears to be taken in bad faith.  Accordingly, Respondent shall pay to Petitioner the costs associated with defending the action in this Court.

Accordingly, and having reviewed the motions, briefing, and record in this matter, the Court finds and ORDERS:

1. Petitioner's Response to Show Cause Order in Support of Remand and Motion to Remand/Return This Matter to King County Superior Court (Dkt. #17) is GRANTED.
2. This case is REMANDED to the Superior Court of Washington in and for King County.
3. Petitioner is entitled to fees and costs under 28 U.S.C. § 1447(c).  **No later than fourteen (14) days from the date of this Order**, Petitioner may file a Supplemental Motion for Attorneys' Fees, noted pursuant to LCR 7(d), and limited to six (6) pages and supported by documentary evidence reflecting the amount of fees and costs sought.  Respondent may file a Response addressing only the reasonableness of the fees and costs requested.  The Response is also limited to six (6) pages.  No Reply is permitted.
4. This matter is now CLOSED.

Dated this 23 day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4