UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER WINSLOW BARR, | CASE NO. C19-682 RSM |
| Petitioner, | ORDER GRANTING IN PART PETITIONER'S MOTION FOR ATTORNEYS' FEES |
| v. | |
| JOSEPH STANLEY PIGOTT, | |
| Respondent. | |

This matter is before the Court on Petitioner's Motion for Attorneys [sic] Fees. Dkt. #30. Respondent initially removed this action from state court. Dkt. #1. Finding no basis for subject matter jurisdiction and noting Respondent's failure to make any arguments to the contrary, the Court remanded the action to state court and allowed Petitioner to submit supplemental support for an award of fees. Dkt. #28. Petitioner seeks attorneys' fees in the amount of $4,050 for work performed on this matter by two attorneys. Dkt. #30. Respondent has not responded. The Court awards attorneys' fees as follows.

Pursuant to 28 U.S.C. § 1447(c), district courts may award payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To determine a reasonable fee, courts start with the "lodestar

ORDER – 1

amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may then adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1]

### 1. Reasonable Hourly Rate

In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation marks and citation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, both Mr. Tracy and Mr. Cunanan claim an hourly rate of $250. The request is supported by Mr. Cunanan's declaration establishing that others charge significantly more within the district for similar work and establishing his approximately ten years of experience. Dkt. #32 at ¶¶ 2–4. Petitioner does not similarly support Mr. Tracy's hourly rate beyond asserting that

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898–900 (1984).

ORDER – 2

Mr. Tracy has been practicing for more than forty years. Dkts. #30 at 3 and #31. However, based on Mr. Cunanan's representations, the Court's knowledge and experience, and Respondent's failure to argue otherwise,[2] the Court finds $250 a reasonable hourly rate for both attorneys.

2. **Reasonable Hours**

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours." *Welch*, 480 F.3d at 945–46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

As noted, Petitioner seeks an award for hours expended by both Mr. Tracy and Mr. Cunanan. Mr. Tracy appears to have represented Petitioner in a state court action to obtain possession of property that was awarded to Petitioner in the state court divorce proceeding but which the Respondent refused to voluntarily vacate. Dkt. #18 at 1–3. Mr. Tracy did not appear in the federal proceedings. Rather, Mr. Cunanan appears to have been brought on solely to assist with the federal court proceedings. Dkt. #32-1.

Overall, the Court finds the time expended on this matter to be more than was necessary. Respondent's attempted removal clearly lacked merit. By the time Mr. Cunanan appeared in this action, the Court had *sua sponte* ordered Respondent to show cause why the action should not be remanded for lack of jurisdiction. Dkt. #15. In that sense, Petitioner's entire motion to remand could be considered somewhat unnecessary and duplicative. But Petitioner's motion did aid the Court, Petitioner prevailed, and an award is appropriate.

---

[2] *See* LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

ORDER – 3

The Court finds, however, that involving two attorneys on this routine matter likely led to some duplication of efforts. The sparse billing records provided make it difficult to determine the precise division of labor between the two attorneys and Petitioner does little to delineate tasks. Thus, the Court finds it reasonable to exclude the time spent conferencing. The one exception to this reduction is the initial meeting between the attorneys as it was likely akin to an initial client meeting. However, because the history necessary for success on the motion to remand would have been conveyed at such a meeting, the Court excludes Mr. Cunanan's time spent familiarizing himself with the state court file.

Lastly, the Court finds that time spent by Mr. Cunanan reviewing Respondent's filings that were unrelated to remand were unreasonable and not necessary to Petitioner's success. Therefore, the Court excludes the following entries:

| Mr. Cunanan's Time | | |
|---|---|---|
| **Date** | **Task** | **Hours Claimed** |
| 6/1/2019 | review state court file | 1.0 |
| 6/10/2019 | review federal pleadings filed by Respondent | 1.9 |
| 6/24/2019 | phone call and email to Tracy re: status | 0.2 |

| Mr. Cunanan's Time | | |
|---|---|---|
| **Date** | **Task** | **Hours Claimed** |
| 5/31/2019 | email Cunanan | 0.3 |
| 6/4/2019 | email Cunanan | 0.3 |
| 6/5/2019 | email Cunanan | 0.3 |
| 6/10/2019 | email Cunanan | 0.3 |
| 6/24/2019 | email Cunanan | 0.3 |
| 7/1/2019 | email Cunanan | 0.3 |
| 7/24/2019 | email Cunanan | 0.3 |
| 7/25/2019 | email Cunanan | 0.3 |

The Court concludes that 9.0 hours[3] of Mr. Cunanan's time was reasonable and that 3.2 hours of Mr. Tracy's time was reasonable. The Court finds an award of $3,050 reasonable.

---

[3] The Court notes that Petitioner claimed 10.6 hours of Mr. Cunanan's time, but that the billing records indicate 12.1 hours were expended. Dkt. #32-1. The Court credits the time indicated on the billing records.

ORDER – 4

Accordingly, having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court finds and ORDERS that Petitioner's Motion for Attorneys [sic] Fees (Dkt. #30) is GRANTED IN PART as stated above. Petitioner is awarded attorneys' fees in the amount of $3,050.

Dated this 6th day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5